**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **MOHAMMED SAID,** ) | |
|     Petitioner, ) | |
| ) | **Civil No. 1:05cv1248** |
|     v. ) | |
| ) | **Criminal No. 1:03cr556** |
| **UNITED STATES,** ) | |
|     Respondent. ) | |

**ORDER**

The matter is before the Court on petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Oral argument is dispensed with as the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.[1]

The record reflects that on November 24, 2003, petitioner pled guilty to a one-count criminal information charging him with conspiracy to distribute cocaine, ecstasy, and marijuana, in violation of 21 U.S.C. § 846. Thereafter, on February 13, 2004, petitioner was sentenced on this offense to 87 months imprisonment, to be followed by four years of supervised release. Nearly a year later, on February 10, 2005, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 arguing that he had been denied his Sixth Amendment right to the effective assistance of counsel because his attorney had failed to file a direct appeal despite petitioner's request that he do so. Given the lack of definitive proof to the contrary, the government did not contest petitioner's assertion that he directed his counsel to file a direct appeal and that counsel failed to comply with petitioner's request in this regard. Thus, in the circumstances, a resentencing hearing was scheduled

---

[1] *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required ...on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

and held on May 16, 2005, in the course of which petitioner's sentence was vacated and a new 87-month sentence was imposed from which a direct appeal could be taken. Petitioner thereafter appealed this sentence to the Court of Appeals for the Fourth Circuit, which appeal was later dismissed on the ground that petitioner had waived his appeal rights as part of the plea agreement entered into in this case. *See United States v. Said*, Appeal No. 05-4588 (4th Cir. Sept. 29, 2005) (Order).

On October 27, 2005, petitioner filed the instant § 2255 motion, arguing essentially that his 87-month sentence is unconstitutional because it exceeds the statutory maximum term of imprisonment applicable to the least serious offense underlying the instant conspiracy. Specifically, petitioner contends that his sentence exceeds the 5-year statutory maximum applicable to a drug offense involving an indeterminate amount of marijuana — the least serious of the three controlled substances charged in the instant conspiracy. In support of this argument, petitioner relies on *United States v. Rhynes*, where the Fourth Circuit held in a drug conspiracy prosecution involving multiple types of drugs that the imposition of a sentence that exceeded the statutory maximum for the drug carrying the lowest penalty was improper where the jury's verdict did not indicate the statutory object on which the conspiracy conviction was based. *See Rhynes*, 196 F.3d 207, 238-39 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir. 2000).

What petitioner forgets, however, is that unlike the defendant in *Rhynes*, the sentence imposed in this case was not based on a general jury verdict. Instead, petitioner knowingly and voluntarily pled guilty to the charged offense. And significantly, as part of his plea agreement, petitioner signed a Statement of Facts in which he agreed to having "possessed with the intent to distribute and distributed the equivalent of more than three and one-half (3.5) kilograms of cocaine,

but less than five (5) kilograms of cocaine." *United States v. Said*, Criminal No. 1:03cr556 (E.D. Va. Nov. 24, 2003) (Statement of Facts). Petitioner's 87-month sentence is well below the statutory maximum term of imprisonment applicable to an offense involving this agreed-upon quantity of cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(ii) (requiring "a term of imprisonment which may not be less than 5 years and not more than 40 years" for drug trafficking offenses involving 500 grams or more of cocaine).

For these reasons, and because there is no good cause to do so,

It is hereby **ORDERED** that petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

Should petitioner wish to appeal this Order he must do so within sixty (60) days pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed to send a copy of this Order to petitioner and all counsel of record.

/s/

_____

Alexandria, VA
November 28, 2005

T. S. Ellis, III
United States District Judge